Melchick Unemployment Compensation Case.
Pramco, Inc., Appellant, *v.* Unemployment
Compensation Board of Review.

Argued November 14, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*O. W. Vanderlin,* with him *Joseph M. McNerney,* and *McNerney, Page & Vanderlin,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Thomas D. McBride,* Attorney General, for appellee.

OPINION BY ERVIN, J., January 21, 1958:

The claimants, 47 in number, were last employed by Pramco, Inc., Punxsutawney, Pennsylvania, a non-union plant. The International Ladies Garment Workers Union was attempting to organize the plant. The union obtained signatures on a number of authorization cards and requested the company for recognition as the certified bargaining agent for the employes without petitioning the National Labor Relations Board to hold a vote. The employer refused recognition but indicated its willingness to have the National Labor Relations Board conduct a representation election and be governed by the results. On January 11, 1956 eight employes of the company, without prior notice, started a picket line in front of the company's premises. During the following two days additional employes voluntarily quit their jobs until all of the 47 claimants were picketing the company. Immediately prior to the picketing the company employed approximately 270 people, of which number approximately 225 were production workers. On January 23, 1956 the company, by letter, requested each employe who had quit to report for work on January 26, 1956. The claimants ignored the letter and continued to picket until March 16, 1956, on which date they were informed that the owners of the company had sold their interest. The picketing

was then discontinued and on March 19, 1956 the claimants reported to the employer, requesting that they be reinstated in their jobs but were informed that no work was available at present but that they would be called as openings occurred. On the same date the claimants filed applications for benefits. The bureau, the referee and the Board of Review found that the claimants were unemployed through no fault of their own and allowed the claim credit for benefits. The employer appealed.

The rationale of the board's decision appears in the last paragraph thereof as follows: "The claimants in this case became unemployed due to a labor dispute at the factory at which they were last employed. This labor dispute lasted until March 16, 1956, at which time it was terminated by agreement of the parties. After the termination of the labor dispute the claimants applied for reinstatement to their jobs but no work was available for them. Under these circumstances we hold that they were unemployed subsequent to March 19, 1956 due to no fault of their own. The claimants cannot be disqualified under the provisions of Section 402(b) of the law because Section 402(b) contains a provision which is as follows: 'And provided further, That the provisions of this subsection shall not apply in the event of a stoppage of work, which exists because of a labor dispute within the meaning of subsection (d).' It can be readily seen that the Legislature did not intend the provisions of Section 402(b) to apply in the event of a stoppage of work such as existed in the instant case." The Unemployment Compensation Law[1] provides: "An employe shall be ineligible for compensation for any week—(a) . . . (b) In which his

---

[1] Act of Dec. 5, 1936, P. L. (1937), 2897, art. IV, §402(b), 43 PS §802(b).

unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . And provided further, That the provisions of this subsection shall not apply in the event of a stoppage of work which exists because of a labor dispute within the meaning of subsection (d) (c) . . . (d) In which his unemployment is due to a stoppage of work, which exists because of a labor dispute (other than a lockout) at the factory, establishment or other premises at which he is or was last employed: . . ." The logic of the board's reasoning is unsound because there was no *stoppage of work*. In the present case the plant continued operating throughout the entire period of picketing and for the period thereafter when the claimants sought to be reemployed in their former jobs. In an opinion being filed herewith we have just decided that the term "stoppage of work" refers to "cessation of work in the plant or place of employment and not to cessation of work by the employee." *Harris Unemployment Compensation Case,* 185 Pa. Superior Ct. 235, 138 A. 2d 207. There having been no stoppage of work, the acts of the claimants constituted a voluntary leaving under §402(b) and made them ineligible for compensation. The claimants having left their work voluntarily on January 11, 12 and 13, 1956, the reason for the failure to re-employ them on March 19, 1956 is immaterial.

This opinion might well end here. We feel obliged to say, however, that the record in this case indicates that the claimants were unemployed before and after March 19, 1956 because of their own voluntary acts. S. E. McKibben, Plant Manager, testified that Sears, Roebuck & Co. was the sole customer of the employer. Sears operates on a seasonal basis and not knowing how long the strike would last, placed their orders elsewhere. This caused production to drop from a normal 6,000 hours per week to approximately 3,600 hours per

week. The plant has not been in a position to recover the orders placed elsewhere and will not be in a position to do so until it produces for the coming spring catalog of its sole customer. It is apparent that the strike caused the production to fall off, even though there was no specific finding of this fact by the board. The public policy of setting aside unemployment reserves for benefit of persons unemployed through no fault of their own has been firmly established in this Commonwealth. *Barclay White Co. v. Unemployment Compensation Board of Review*, 356 Pa. 43, 50 A. 2d 336, certiorari denied 68 S. Ct. 63, 332 U. S. 761; *Miller v. Unemployment Compensation Board of Review*, 152 Pa. Superior Ct. 315, 31 A. 2d 740; *Michalsky v. Unemployment Compensation Board of Review*, 163 Pa. Superior Ct. 436, 62 A. 2d 113.

Decision reversed.